UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Philip Jones,

      Petitioner,

v.

Denise Wilson, Warden,

      Respondent.

Civil No. 14-3246 (PJS/FLN)

**REPORT AND RECOMMENDATION AND ORDER TO SHOW CAUSE**

___

Petitioner, *pro se*.
Ana Voss, D. Gerald Wilhelm, and Pamela Marentette, Assistant United States Attorneys, for Respondent.

___

**THIS MATTER** came before the undersigned United States Magistrate Judge on Petitioner Philip Jones's ("Petitioner") motion for summary judgment (ECF No. 9). The matter was referred to the undersigned for Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons set forth below, the Court recommends that Petitioner's motion be **DENIED**. Respondent, however, is **ORDERED TO SHOW CAUSE** why the petition should not be granted on the basis of the alleged violations of Petitioner's First Amendment rights.

## I. FINDINGS OF FACT

Petitioner is currently serving a 240-month term of imprisonment, to be followed by 8 years of supervised release, after being convicted of possessing more than 500 grams of cocaine with intent to distribute in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B). Petition 2, ECF No. 1. He was previously confined at FCI-Pekin in Illinois but is now confined at FCI-Sandstone in Minnesota. *Id.* Petitioner has filed the present petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging a disciplinary determination that he participated in a food strike, a violation of the U.S.

Bureau of Prisons's ("BOP") policy banning group demonstrations by prisoners. *Id.* at 3. The petition outlines two grounds for relief. First, Petitioner claims that the Discipline Hearing Officer ("DHO") violated his First Amendment right to religious practice by imposing a sanction against him for participating in the hunger strike, when in fact Petitioner states that he was fasting for religious reasons. *Id.* Second, Petitioner claims that the DHO violated his equal protection rights by failing to expunge his incident report even though other prisoners who were fasting at the time of the strike had their incident reports expunged. *Id.* Through this petition, Petitioner seeks the restoration of the 27 days of good time credits that he lost as a punishment for participating in the food strike. *Id.*

In an Order dated September 19, 2014, the Court ordered Respondent to prepare and file "an answer to the petition within 30 days of this order certifying the true cause and proper duration of Jones's confinement and showing why the writ should not be granted in this case." Order, ECF No. 5. The Court further explained that the answer must include (1) a reasoned memorandum of law fully stating Respondent's legal position on Petitioner's claims, and (2) any affidavits and exhibits that are needed to establish the lawfulness and correct duration of Jones's incarceration, in light of the issues raised in the petition. *Id.* Within the 30 day time frame, Respondent filed a motion for an extension of time to December 2, 2014 in order to respond to the petition, which the Court granted. ECF Nos. 6 and 16. In compliance with the order, Respondent filed its response to the petition on December 2, 2014. ECF No. 10.

Prior to the Court ruling on Respondent's motion for an extension of time, Petitioner filed the present motion for summary judgment. *See* ECF No. 9. Petitioner argues that because Respondent did not respond to the petition pursuant to the Court's Order dated September 19, 2014

2

(ECF No. 5), the petition is therefore unopposed and should be granted. Mem. in Supp. of Mot. for Summ. J. 1, ECF No. 10.

## II. CONCLUSIONS OF LAW

The Court concludes that Petitioner's motion for summary judgment must be denied. First, motions for summary judgment are not proper in habeas cases. *See Bauer v. Gonzales*, No. 06-1763, 2006 WL 2735460, at *3 (D. Minn. Sept. 25, 2006) (denying a motion for summary judgment because it was not proper in a habeas case); *see also Hall v. Edwards*, No. 4:13-cv-556, 2013 WL 1890699, at *1 (E.D. Mo. May 6, 2013) (finding that a motion for summary judgment is not the proper vehicle to determine the merits of a habeas petition). Second, even if motions for summary judgment were appropriate in habeas cases, the Court rejects Petitioner's contention that Respondent does not oppose the petition. Indeed, Respondent filed her response within the time limits that were allowed by the Court, wherein she outlined her opposition to the petition. *See* ECF No. 12. Accordingly, Respondent has properly opposed Petitioner's petition for habeas relief and summary judgment is therefore inappropriate. *See* Fed. R. Civ. P. 56(a).

In reviewing Respondent's memorandum in opposition to the petition, however, the Court concludes that additional briefing from the Respondent is necessary in order to properly decide the merits of the petition. Specifically, the Court orders Respondent to show cause why Petitioner should not be granted habeas relief on his claim that his religious freedom rights were violated after he was sanctioned for participating in a food strike, even though Petitioner claimed he was fasting for religious reasons at that time. *See* ECF No. 1 at 3 (Ground 1). While Respondent's brief addressed why she believes Petitioner's *due process rights* were not violated, the brief fails to fully address Petitioner's specific *First Amendment* claim. The Court directs Respondent to address

3

Petitioner's claim that his religious freedom rights were violated. Respondent's answer should address whether the Religious Land Use and Institutionalized Persons Act, 42 U.S.C. § 2000cc *et seq.*, or any other source of constitutional or statutory law provides Petitioner with a means to raise his religious freedom claims through this habeas action.

### III. ORDER AND RECOMMENDATION

Based upon all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that Petitioner's motion for summary judgment (ECF No. 9) be **DENIED**. Respondent is **ORDERED TO SHOW CAUSE** within 21 days of the date of this Order why the petition for a writ of habeas corpus should not be granted on the basis of the alleged violation of Petitioner's First Amendment rights. If Petitioner intends to file a reply to Respondent's answer, he must do so within 21 days of the date when the answer is filed. Thereafter, no further submissions from either party will be permitted, except as authorized by Court order.

DATED: July 17, 2015                *s/Franklin L. Noel*
                                     FRANKLIN L. NOEL
                                     United States Magistrate Judge

Pursuant to the Local Rules, any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, on or before **August 3, 2015**, written objections that specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within fourteen (14) days after service thereof. All briefs filed under the rules shall be limited to 3,500 words. A judge shall make a de novo determination of those portions to which objection is made.

This Report and Recommendation does not constitute an order or judgment of the District Court, and it is, therefore, not appealable to the Circuit Court of Appeals.